**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sylvester MORRIS, Defendant—
Appellant.**

No. 05–10397.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2006.

Filed May 18, 2006.

Darin Lahood, AUSA, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Kevin A. Tate, AFPD, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: SILER,* BERZON, and BYBEE, Circuit Judges.

## MEMORANDUM **

Sylvester Morris appeals his conviction and sentence for one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Specifically, he appeals the denial of his motion to suppress the firearm evidence. The facts and procedural history are known to the parties and we do not repeat them here.

■ First, we review de novo the district court's denial of Morris's motion to suppress. *See United States v. Crawford,* 372 F.3d 1048, 1053 (9th Cir.2004) (en banc). Morris argues that evidence of the firearm should have been suppressed because it was obtained through a search and seizure in violation of the Fourth Amendment. Based on the totality of the circumstances, there is no Fourth Amendment violation because the Texas Station Casino security guards had reasonable suspicion to stop Morris. *See United States v. Arvizu,* 534 U.S. 266, 274–75, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). The guards initially stopped Morris because they observed him for seven hours in the company of a woman suspected of presenting a counterfeit bill to the cashier, they noticed his suspicious behavior around the woman while the guards questioned her, and they saw him quickly exit the casino. Once Morris voluntarily handed the guards what appeared to be counterfeit currency in his possession, possession of which is a felony, the guards also had probable cause to search and detain him. *See Henry v. United States,* 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).[1]

■ Second, we review the district court's decision not to hold an evidentiary hearing on Morris's motion to suppress for abuse of discretion, *see United States v. Howell,* 231 F.3d 615, 620 (9th Cir.2000), and conclude that the district court did not abuse its discretion here. Morris contends that a hearing is necessary to develop material issues of fact related to the question of whether the guards were acting as state actors; however, he does not allege that there are material issues of fact concerning whether the guards had reasonable suspicion or probable cause to seize and search Morris. Because we conclude that the guards had reasonable suspicion to stop Morris and probable cause to detain and search him, Morris cannot prevail even if the guards were state actors.

AFFIRMED.

■

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We therefore do not address the question of whether the guards were state actors for Fourth Amendment purposes, because we conclude that, even assuming that they were acting on behalf of the state, there was no Fourth Amendment violation.